UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROLINA CASUALTY INSURANCE COMPANY,<br><br>　　　　　　　Plaintiff,<br><br>　　　vs.<br><br>OMEROS CORPORATION; GREGORY DEMOPULOS; and RICHARD J. KLEIN,<br><br>　　　　　　　Defendants. | NO.<br><br>COMPLAINT FOR DECLARATORY JUDGMENT |

Plaintiff Carolina Casualty Insurance Company, for its Complaint for Declaratory Judgment, states and alleges as follows:

### I. PARTIES

1.1　Carolina Casualty is an Iowa corporation authorized to do business in the State of Washington.

1.2　Omeros Corporation is a Washington corporation with its principle place of business in King County, Washington.

COMPLAINT FOR DECLARATORY JUDGMENT　- 1 -
514989/021512 0955/80900001

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1.3     Gregory Demopulos is an individual, residing in Mercer Island (King County), Washington.

1.4     Richard J. Klein is an individual, residing in Seattle (King County), Washington.

## II. JURISDICTION AND VENUE

2.1     The Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a) (diversity).  There is diversity of citizenship between (1) Plaintiff Carolina Casualty and (2) Defendants Omeros, Demopulos, and Klein.  The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, based on claims by Defendant Klein that Defendant Omeros wrongfully terminated him on January 29, 2009, from a job that paid him approximately $250,000 a year and claims that Omeros violated the Federal False claims act in various ways, including **(a)** failing to return to the National Institute of Health ("NIH") $164,000 in grant funds improperly received by Nura, a company Omeros acquired; **(b)** misrepresenting information to the NIH, which resulted in the NIH transferring to Omeros $900,000 in Phase II grant funds for future work when that work had previously been completed by Nura at a time when Nura was ineligible for such grants; **(c)** improperly receiving more than $700,000 under a GPCR Anxiety Grant for time spent on deorphanization research; and **(d)** improperly charging more than $300,000 in non-personnel costs to the GPCR Anxiety Grant.  Additionally, this matter is subject to 28 U.S.C. § 2201(a), the Federal Declaratory Judgment Act.

2.2     The Court has personal jurisdiction over Defendant Omeros because it is a Washington corporation with its principle place in of business in King County, Washington.

2.3     The Court has personal jurisdiction over the Defendant Demopulos because he is a citizen of the State of Washington, residing in King County, Washington.

COMPLAINT FOR DECLARATORY JUDGMENT - 2 -
514989/021512 0955/80900001

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

2.4    The Court has personal jurisdiction over Defendant Klein because he is a citizen of the State of Washington, residing in King County, and is an interested party in this matter.

2.5    Venue is proper in the Western District of Washington because Defendant Omeros' principal place of business is in King County, Washington, and the contract of insurance between Defendant Omeros and Carolina Casualty was entered in King County, Washington. In addition, venue is proper in the Western District because Carolina Casualty's request for declaratory relief concerns insurance coverage for conduct that took place within this District and which is the subject of an underlying lawsuit pending between the between defendants in this Court.

### III. FACTUAL ALLEGATIONS

3.1    Effective July 19, 2008, to July 19, 2009, and subject to various terms, conditions, exclusions, and limitations, Carolina Casualty insured Omeros Corporation for Directors, Officers, and Corporate Liability Insurance Coverage ("D&O") and Employment Practices Liability Insurance Coverage ("EPLI") under Policy No. 6850104 ("the Policy"). The D&O coverage was extended to January 19, 2010, but was cancelled at Defendant Omeros' request effective October 8, 2009.

3.2    Defendant Demopulos is the Chairman of the Board of Directors and Chief Executive Officer of Defendant Omeros.

3.3    Defendant Klein is the former Chief Financial Officer of Defendant Omeros.

3.4    In approximately April 2009, Defendant Klein made claims that Defendants Omeros and Demopulos wrongfully discharged him in violation of public policy and the Federal False Claims Act ("FCA"), breached a promise of specific treatment in a specific situation (or promissory estoppel), and wrongfully withheld wages from him. On September 21, 2009, Defendant Klein filed suit in this Court against Defendants Omeros and Demopulos

COMPLAINT FOR DECLARATORY JUDGMENT - 3 -
514989/021512 0955/80900001

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

based on these claims. *Klein v. Demopulos, et al.* is assigned case number 09-cv-01342-JCC ("underlying lawsuit").

3.5     On April 21, 2009, Carolina Casualty agreed, under a reservation of rights, to provide coverage, with certain limitations, to Defendants Omeros and Demopulos under the EPLI section of the Policy. In its April 21 letter to Defendant Omeros, Carolina Casualty stated that there was no coverage for the matter under the D&O coverage section because an exclusion applied.

3.6     Carolina Casualty continued to provide coverage under the EPLI coverage section until the $1,000,000 Limit of Liability stated in the Declarations had been exhausted by the payment of Costs of Defense.

3.5     Defendant Klein alleged that, near the conclusion of the discovery phase of the underlying lawsuit, he uncovered evidence that Defendants Omeros and Demopulos committed fraud against the NIH and the federal government.

3.6     On December 8, 2010, the court granted Defendant Klein leave to amend the complaint in the underlying lawsuit to add a qui tam claim against Defendants Omeros and Demopulos for alleged violations of the FCA.

3.7     Pursuant to the procedural requirements of the FCA's qui tam provision, the court stayed all proceedings and ordered that the Third Amended Complaint remain under seal while the government decided whether to intervene or to allow Defendant Klein to prosecute the FCA claim as relator for the government.

3.8     Defendant Klein provided Defendants Omeros and Demopulos a copy of the Third Amended Complaint.

COMPLAINT FOR DECLARATORY JUDGMENT - 4 -
514989/021512 0955/80900001

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

3.9     Defendants Omeros and Demopulos notified Carolina Casualty of the Third Amended Complaint and tendered their defense and indemnification to Carolina Casualty under the D&O coverage section.

3.10    Carolina Casualty agreed, under a reservation of rights, to provide a defense to Defendant Omeros or Defendant Demopulos against the allegations raised in the Third Amended Complaint.

3.11    On October 17, the government filed its Notice of Election to Decline Intervention and Motion to Lift the Seal. On October 21, the Court ordered that the Third Amended Complaint be unsealed and served upon the defendants in the underlying lawsuit.

3.12    Defendant Klein seeks damages in the underlying lawsuit of more than $75,000, exclusive of costs and interest.

3.13    Defendants Omeros and Demopulos requested that Carolina Casualty cover their Costs of Defense in the underlying lawsuit on the basis that the allegations in the underlying lawsuit are potentially covered by the Policy.

3.14    Carolina Casualty agreed to cover the Costs of Defense for Defendants Omeros and Demopulos pursuant to a reservation of Carolina Casualty's rights under the Policy and applicable law.

3.15    The rights Carolina Casualty reserved expressly included the right to deny coverage based on relevant terms, limitations, conditions, and exclusion in the Policy.

## IV. CAUSE OF ACTION FOR DECLARATORY RELIEF

4.1     Carolina Casualty incorporates by this reference its allegations in the preceding paragraphs as though set forth fully here.

4.2     There is a justiciable controversy between Carolina Casualty and its insureds, Defendants Omeros and Demopulos, concerning whether Carolina Casualty owes any coverage

COMPLAINT FOR DECLARATORY JUDGMENT - 5 -
514989/021512 0955/80900001

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

obligations under the D&O Coverage section of the Policy to either Defendant Omeros or Defendant Demopulos based on the terms, limitations, exclusions, and conditions in the Policy, including, but not limited to, the following:

  I.  **Insuring Agreements**

    **Directors, Officers and Corporate Liability Insurance**

    This **Policy** shall pay on behalf of:

    A. each and every **Insured Person** all **Loss** arising from any **Claim** first made against the **Insured Persons** during the **Policy Period** and reported to the **Insurer** in writing during the **Policy Period** or within 90 days thereafter, for any **Wrongful Act**, except and to the extent that the **Insured Entity** has indemnified the **Insured Persons**;

    B. the **Insured Entity** all **Loss** arising from any **Claim** first made against the **Insured Persons** during the **Policy Period** and reported to the **Insurer** in writing during the **Policy Period** or within 90 days thereafter, for any **Wrongful Act**, but only to the extent that the **Insured Entity** has indemnified the **Insured Persons** for such **Loss** as permitted by law;

    C. the **Insured Entity** all **Loss arising** from any **Claim** first made against the **Insured Entity** during the **Policy Period** and reported to the **Insurer** in writing during the **Policy Period** or within 90 days thereafter, for any **Wrongful Act**.

4.3 There is a justiciable controversy between Carolina Casualty and its insureds, Defendants Omeros and Demopulos, concerning whether Carolina Casualty owes any coverage obligations under the D&O Coverage section of the Policy to either Defendant Omeros or Defendant Demopulos based on the terms, limitations, exclusions, and conditions in the Policy, including, but not limited to, the following:

COMPLAINT FOR DECLARATORY JUDGMENT - 6 -
514989/021512 0955/80900001

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

VII. **Notice of Claim and Multiple Claims**

...

B. If during the **Policy Period** or the Extended Reporting Period (if applicable) the **Insureds** become aware of any fact, circumstance or situation which may reasonably be expected to give rise to a **Claim** being made against any **Insured** and shall give written notice to the **Insurer**, as soon as practicable (but in no event more than 10 days after expiration of or cancellation of the **Policy**), of:

1. the specific fact, circumstance or situation, with full details as to dates, persons, and entities involved; and

2. the injury or damages which may result therefrom; and

3. the circumstances by which the **Insured** first became aware thereof;

then any **Claim** subsequently made arising out of such fact, circumstance or situation shall be deemed to have been made known when notice was first given to the **Insurer**.

C. All **Claims** based upon or arising out of the same **Wrongful Act** or any **Related Wrongful Acts**, or one or more series of any similar, repeated or continuous **Wrongful Acts** or **Related Wrongful Acts**, shall be considered a single **Claim**. Each **Claim** shall be deemed to be first made at the earliest of the following times:

1. when the earliest **Claim** arising out of such **Wrongful Act** or **Related Wrongful Acts** is first made, or

COMPLAINT FOR DECLARATORY JUDGMENT
514989/021512 0955/80900001

- 7 -

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

       2.      when notice pursuant to section VII. B. above of a fact, circumstance or situation giving rise to such **Claim** is given.

4.4    There is a justiciable controversy between Carolina Casualty and its insureds, Defendants Omeros and Demopulos, concerning whether Carolina Casualty owes any coverage obligations under the D&O Coverage section of the Policy to either Defendant Omeros or Defendant Demopulos based on the terms, limitations, exclusions, and conditions in the Policy, including, but not limited to, the following:

    **IV.**    **Additional Exclusions**

In addition to the Exclusions listed in section IV. of the Common Policy Terms and Conditions Section, the **Insurer** shall not be liable to make any payment for **Loss** in connection with a **Claim** made against any **Insured**:

    A.    based upon, arising out of, directly or indirectly resulting from or in consequence of, or in any way involving the gaining of any profit or advantage to which an **Insured** was not legally entitled; provided, however, this exclusion shall not apply unless a judgment or other final adjudication adverse to any of the **Insureds** in such **Claim** shall establish that such **Insureds** gained such profit or advantage to which an **Insured** was not legally entitled;

    B.    based upon, arising out of, directly or indirectly resulting from or in consequence of, or in any way involving any criminal or deliberate fraudulent act; provided however, this exclusion shall not apply unless a judgment or other final adjudication adverse to any of the **Insureds** in such **Claim** shall establish that such **Insureds** committed such criminal or deliberate fraudulent act;

. . .

COMPLAINT FOR DECLARATORY JUDGMENT — - 8 -

514989/021512 0955/80900001

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

F.     by, or on behalf of, or in the right of any **Insured** in any capacity, or any security holder of the **Insured Entity**; provided, however, this exclusions does not apply to:

1. any **Claim** that is a derivative action brought or maintained on behalf of the **Insured Entity**, but only if such **Claim** is instigated or continued totally independent of, and totally without the solicitation of, or assistance of, or participation of, or intervention of any **Insured**, or

2. any security holder **Claim** that is instigated and continued totally independent of, and totally without the solicitation of, or assistance of, or participation of, or intervention of any **Insured**, or

3. any **Claim** by any of the **Insured Persons** for contribution or indemnity, if such **Claim** directly results from another **Claim** covered under this **Policy**;

[4] any **Claim** by any **Employee** of the **Insured Entity**;

[5] any **Claim** by any of the **Insured Persons** of the **Insured Entity** who has not served in that capacity for at least 4 years prior to such **Claim** being first made;

[6] any **Claim** in any bankruptcy proceeding by or against the **Insured Entity** thereof, brought by the Examiner or Trustee of the **Insured Entity**, if any, or any assignee of such Examiner or Trustee;

[7] any **Claim** by any employee of the **Insured Entity** pursuant to any federal or state whistleblower protection statute or any regulation promulgated thereunder;

COMPLAINT FOR DECLARATORY JUDGMENT  - 9 -
514989/021512 0955/80900001

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

G.     which is insured in whole or in part by another valid and collectible policy, except with respect to any excess beyond the amount or amounts of coverage under such other policy whether such other policy is stated to be primary, contributory, excess, contingent or otherwise;

. . .

J.     based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any past, present or future actual or potential employment relationship;

K.     based upon, arising out of, directly or indirectly resulting from or in consequence of, or in any way involving:

1. any **Wrongful Act** alleged in any claim which has been reported, or in any circumstance of which notice has been given, prior to the **Policy Period** under any other policy, or

2. any other **Wrongful Act** whenever occurring, which together with a **Wrongful Act** which has been the subject of such claim or notice, would constitute **Related Wrongful Acts**;

L.     based upon, arising out of, directly or indirectly resulting from or in consequence of, or in any way involving:

1. any prior or pending litigation, administrative or arbitration proceeding as of July 19, 2008, or

2. any fact, circumstance, situation, transaction or event underlying or alleged in such litigation, administrative or arbitration proceeding,

COMPLAINT FOR DECLARATORY JUDGMENT
514989/021512 0955/80900001

- 10 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

          regardless of the legal theory upon which such **Claim** is predicated, which respect to the Separate Aggregate Limit of Liability for the Directors, Officers and Corporate Liability Insurance Coverage Section $4,00,000 excess of $1,000,000;

. . .

N.    based upon, arising out of, directly or indirectly resulting from or in consequence of, or in any way involving any federal, state, local or foreign wage and hour laws, including, without limitation, the Fair Labor Standards Act; [and]

O.    based upon, arising out of, directly or indirectly resulting from or in consequence of or in any way involving any actual or alleged breach of any oral or written contract agreement; provided, however, this exclusion shall not apply with respect to Insuring Agreements I. A. and I. B. of this **Coverage Section** or to the extent that an **Insured Entity** would have been liable in the absence of the contract or agreement.

4.4    Carolina Casualty seeks a declaration that it owes no coverage obligations to Defendant Omeros or Defendant Demopulos for any of the allegations raised by Defendant Klein in the underlying lawsuit.

## V. JURY DEMAND

Carolina Casualty requests a trial by a jury of twelve.

## VI. REQUEST FOR RELIEF

Carolina Casualty respectfully requests that the Court:

1.    Issue a declaration that:

    a)    Carolina Casualty owes no defense obligations to either Defendant Omeros or Defendant Demopulos in response to the underlying lawsuit;

COMPLAINT FOR DECLARATORY JUDGMENT - 11 -
514989/021512 0955/80900001

Betts Patterson Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

      b)    Carolina Casualty owes no indemnity obligations related to the underlying lawsuit;

2. Award Carolina Casualty its costs and attorney fees in this action; and

3. Provide Carolina Casualty such other relief as the Court finds just and equitable.

DATED this 21st day of February, 2012.

                BETTS, PATTERSON & MINES, P.S.


By /s/ Toni Y. Anders
    Toni Y. Anders, WSBA #31238
    Dan Syhre, WSBA #34158
Attorneys for Plaintiff Carolina Casualty Insurance Company

COMPLAINT FOR DECLARATORY JUDGMENT - 12 -
514989/022112 0912/80900001

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988